Good morning, may I please record Andrew Wolfe on behalf of the plaintiff appellants Shelton and Bauhaus and I'd like to reserve three minutes for rebuttal. Thank you. We're dealing here with a sale of a gift card to consumers in the ordinary sense of all those words and we end up with a case dismissed at the trial court based on what we believe was a stretched statutory construction. And now which of your two claims are you talking about? Well I think I'm going to focus my argument on the tip of the claim your honor which is the Truth and Consumer Contract Warranty and Notice Act claim. So is it your position or thought that we should certify the question of whether the gift card as you say or gift certificate is property pursuant to TICNA is that the acronym used? TICNA your honor. TICNA okay. Your honor I guess our position on that is we personally believe that the law is clear and it's a matter of statutory construction. We believe that the appellate courts in New Jersey that have looked at this have been able to interpret this and the one case where the issue was actually brought to the Supreme Court was the Boslin versus Warnock-Darge case and it was certified on a different issue and they didn't take issues related to the TICNA claim. But if the New Jersey Supreme Court that being said if the New Jersey Supreme Court wants to weigh in on this we would love to see what they have to say about it. But we think that. So what does that mean? Does that mean you're in favor of certification or not in favor of certification? I guess it we believe that this honorable court has the tools before it to make the decision in the statutory construction and the Legislature of New Jersey has made it clear. Would you answer the question that was just asked of you please because I'm interested in knowing what your position is. Are you in favor of certification or not? Yes. I'm in favor of it. OK. Thank you. Now I appreciate your expressed confidence in us as well. And assuming we were going to decide without certification and I want you to help me out with something. You say that there's no authority for the defendant's assertion that the district court properly limited property to only tangible rights excluding intangible inchoate contingent rights. And you've just said that there are appellate court decisions about this. But do you have any authority at all for the. Well let me put it this way. Let me revise what I was going to ask. Do you have a case that applies Tiquina in a circumstance like this where what's being talked about are contingent and intangible rights? Because your opponents say they don't have anything where this has been applied in this way. I don't think there's any specific case on hand but I guess the argument really is what is property and is this a intangible right? See what we have is a gift certificate. It's a tangible gift certificate. Once our clients paid restaurant.com and they pulled up this thing on the screen and they printed it out they had a tangible piece of paper just like a gift card you get from Joseph A. Bank or Macy's that they can go into a restaurant and use this piece of paper to get a discount on a meal that they purchased. Did any of your clients attempt to use the certificate or card whatever you want to call it on in my hypothetical day 366 on? In other words if you follow the district court's argument New Jersey law says that someone holding this certificate if they try to exercise it use it in the second year New Jersey law would say you can. Now I'm wondering whether you have any of your clients or the purported class who have attempted to exercise that right in year two this property right and have not been able to do that because if the answer is no then I wonder what you know what's the loss? Well I appreciate the question. None of our clients attempted to use it afterwards. We don't know about the putative class because we haven't gotten there yet. Okay but the question that you're asking Judge Greenaway I think goes to the ascertainable loss standard under the Consumer Fraud Act which I think is different than the TIC with it. But to answer your question under the Consumer Fraud Act no one argues I think that under the Gift Card Act which is a specific provision under the New Jersey Consumer Fraud Act that this is a gift card that's covered by that act. I think no one also argues that the gift card facially says that it expires after one year except in California or otherwise prohibited by law. The issue on the ascertainable loss question I think is a very simple one. Our position on that is really simple. At the time of purchase you're given two gift certificates. One that facially says it expires in one year and one that facially says in the sale and what do you pay for either one? Is one not more valuable than the other? Can we agree as a matter of just sort of economic sense that when it comes to having rights having them longer is better than having them shorter? That's our point Your Honor and I believe that we could present that this is a motion to dismiss that we can present an expert to present that it's true that a longer shelf life is better than a shorter shelf life. And your clients bought something which on the face of it said you only can use this for a year but it turns out that New Jersey law would let them use it in the second year. How are they worse off? What would be the loss associated with finding out hey wait a second I got another year on this thing? Well the question is how and when. Don't they get a free basically a free year that they hadn't expected to get? Well no your Honor I don't believe that to be the case and I'll tell you why. It's happened to me. I've had gift cards that were sitting in my drawer that somebody gave me and when I picked it up and I read it I said oh I got this two years ago it expired last year. I take it and I throw it in the garbage. There's no that's the whole purpose of the tickling the statute. It's misleading on its face. Okay well let's stick with that. So the customer never knows that it's still usable. Let's not cross Tiquina and the fraud thing for a second. Sticking with ascertainable loss which is an economic concept. If you get a year that you had not paid for because you thought you're getting one year and you got two isn't it a fact that you have no ascertainable loss? In fact you have an ascertainable gain by virtue of the operation of the statute. I understand your question but I don't believe that's the case here your Honor because I believe there if you someone if you found out about it I believe and I think the Boslin case actually dealt with this at the Supreme Court level of New Jersey. Consumer fraud in New Jersey happens at the time that you purchased it and at that point in time that's when you're entitled to the damages under the Consumer Fraud Act. Hold on a second. Let's take it out of gift cards for a second. Say this is one of those one of the car cases and the person buys a car and they think it's got the bad aluminum manifold and it turns out it doesn't. It's got a way better one and it's going to run for $500,000 instead of 250,000 miles. Is it your position that they could go to court and say I thought I was getting a crummier car you gave me a better one now I'm pretty mad. It was a fraud on me. I mean they get an extra year on the gift. I don't I'm I understand your tickling a point which is hey we weren't told about it but keeping that aside for a second just as a matter of pure economics how are they worse off with an extra year? If there is in fact an extra year which we don't know at this point because I think that's a matter of discovery right you have to go into the restaurant to redeem it. We have no idea if after a year based on Judge Greenaway's position if the restaurant would actually redeem it when it facially says that it's expired. And if that's true then they got what they paid for it. They understood they were getting a year and they got a year which was a per se violation of the Consumer Fraud Act because the Consumer Fraud Act says you can't sell a gift card unless it has with an expiration date unless it's expiration is beyond 24 months. So there was a per se consumer fraud violation at the time of sale because it's facially violated the law. If they can't redeem it after a year because the restaurant refuses it then they have a different point different point from ascertainable loss at that juncture right? That's a technical violation of the words of the statute that you described. Well the unlawful act in this case is the technical violation of the statute. Under Cox v. Sears it acknowledged that when there's a specific statute or regulation problem promulgated under the Consumer Fraud Act that a technical you call it a technical violation but it's a per se violation under Cox v. Sears. The unlawful act is selling that card with the wrong expiration date. So there's a per se violation according to you with no ascertainable loss? No I believe there is an ascertainable loss. And the ascertainable loss you would define as what? At the point of sale the value of a card that facially says this is good for only one year when the law requires you to tell them that it's good for two years is less valuable. And we expect that that's a fact question that at the time of trial we will present or summary juncture we will present an expert to tell you that there was a diminishing in value that that facially violative card was less valuable at the point of sale than if it had the correct information on it. Mr. Wolf, do I understand your position to be that if on day one your client purchases one of these gift cards and receives it on day one that on day one he can also he or she can also come in and claim statutory damages? Is that your position? Are you referring to the TICWINA statute or the CFA statute your honor? I'm referring to well you have count one and count two I'm referring to either one of the statutes at this point. I want to know whether on day one when he receives the certificate he can immediately file a complaint in court saying I'm entitled to statutory damages and so are the other three million people who got this. Your honor, under the count two of our complaint the Truth in Consumer Contract Warranty and Notice Act, the answer to that question is an absolute yes. The New Jersey legislature has. And under count one? And under count one I believe that there's not a statutory damages other than the trebling of an actual loss or the ascertainable loss but we believe that when he purchased that card that there was a diminishing in value that we intend to prove at trial and that he would be entitled that the day he purchased that card he would be entitled to a statutory damages. Prior to ever attempting to use it that there would be an ascertainable loss entitling him to damages under the Consumer Fraud Act. Jerez versus BP oil cited by your opponent on page 15 of the answering brief is quoted as saying the presence of a technical violation of the act, meaning the CFA I take it, although constituting an unlawful practice is not by itself a sufficient basis to recover such damages in the absence of an ascertainable loss. Does that, is that contrary to your assertion that if you got a technical loss you got an ascertainable loss, I mean a technical violation you got an ascertainable loss? Well I don't believe that's my argument. I understand the Jerez case and I understand that to be the law under the Consumer Fraud Act but our theory of ascertainable loss at the pleading stage is that it was a diminution in value at the time of purchase and that it's not a technical violation it's a per se violation of the gift card act which is promulgated under the Consumer Fraud Act and that there is a diminution which we intend to prove at the time of trial. All right. Thank you very much. Mr. Wolf did I understand you to say that none of the clients that you represent have ever used this certificate in any way or form? I have not said that, Your Honor. I believe that Ms. Shelton has used most if not all of her, of her gift certificates that she purchased. I believe that Mr. Bauhaus has not used this certificate and by the way we could test that theory because he didn't use his and it's more than a year after he did that in answer to Judge Greenaway's question. All right. Thank you, Your Honor. Thank you, Mr. Wolf. Mr. McDonald. Thank you, Your Honors. My name is Michael McDonald and I'd like to address some of the questions Your Honors put to counsel for the plaintiff but I guess the first issue I'd like to address is what you finished with. Before you go any place else why don't you start with the question about certification. Do you favor or oppose it? We oppose certification, Your Honor, for a number of reasons. First of all, I think you saw from the response from Plaintiff's Counsel the plaintiffs appear to be equivocal at best as to whether they believe certification is appropriate. They never asked for certification. They believe as we do that this court has adequate authority to answer the question before the court. There are other more important reasons. Just a minute, Mr. McDonald. Just a minute. I appreciate the accolade that you paid to this court but isn't it a fact that if we were to come to a conclusion on either count one or count two of the plaintiff's complaint that any superior court law or chancery judge could overrule us? Isn't that so? These are New Jersey statutes. Yes, they are New Jersey statutes. Is that so? Could we be overruled by a New Jersey superior court judge on the issue of either a CFA or GCA fraud or the Truth in Lending Act? To answer your question directly, I believe a trial court or appellate court would be free to disregard the court's conclusion. But my point, though, is the law as the plaintiffs themselves have admitted is not unsettled. Isn't that the very point at which we might ask the Supreme Court of New Jersey to settle it? If, in fact, the question was unsettled, Your Honor, then I would say perhaps that might be the issue. But what I'm saying to you is the law is not unsettled. What do we make of Judge Wolfson saying in the Arcan case, for example, New Jersey courts have been cherried to ascribe the term a precise meaning, the term being ascertained the loss. I mean, there's a district court judge sitting in New Jersey wrestling with this thing in a well-known case saying, hey, the New Jersey courts really haven't spoken all that clearly for us on this. How do we take your statement that it's settled with her statement that implies it sure ain't settled? Well, I think what Judge Wolfson was talking about was the concept of ascertainable loss in a consumer fraud context. And what she was referring to was the New Jersey Supreme Court's decision in Thiedemann where they described how courts have been grappling with the concept of what is an ascertainable loss. The question that I Mr. McDonald, just a moment as I read your brief and I realized we're skipping back and forth between counts one and two. But as I read your brief, you spend a lot of time and a great deal of effort in trying to convince us that an incohate or a contingent matter does not fall within either of the two counts. Has this been settled as well? Well, Your Honor, I was directing my comment there to Judge Jordan's question with regard to Arcand, which is a consumer fraud violation case. And getting back to the question of the appropriateness of certification, if the court is considering certifying a question to the New Jersey Supreme Court, and that question is under the TCCWNA with regard to what is a consumer contract or what is property, then I think there my point was that that particular issue is not unsettled in New Jersey. And the plaintiffs have agreed with that. The plaintiffs have never disputed that the issue was unsettled. How's it settled? Your brief is the one that says, hey, the plaintiffs can't point to any case that's ever said that this type of thing is property. And they say, well, the defendants, I mean, there's no case where it hasn't been said that this isn't property. If there's no case on either side, how can you say, oh, it's settled? We've got a statutory language. We've got no case that applies it in this context. What's settled about that? Well, because the only reported decisions in New Jersey deal with the TCCWNA in terms of what is tangible property. Those are all reported decisions from the appellate courts of New Jersey and the New Jersey Supreme Court. Right. So the logic, then, you're pressing on us is this. Because no decision, because no case has ever come forward yet on this, that means no case could ever fall within this. That's the necessary argument that you're making, right? No, I don't think so, Your Honor. I guess what I'm saying is just simply because the plaintiffs have developed a theory of the case which does not comport with the law in New Jersey does not mean it's appropriate. Stop. When you say doesn't comport with the law in New Jersey, let's be really specific. They say the statute says any property. You say, yeah, but it says any property with this modifier on it. No New Jersey court has spoken on whether that modifier covers intangible property or not, correct? That's correct, Your Honor. Okay. So I'm puzzled by the assertion that it's settled. But let me ask you something else. Let me quote you from page 11 of your opponent's brief. They cite the statute, and that's what I want you to speak to specifically here. It says, no consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the state of New Jersey. There's a pretty clear statement by the legislature that you're not allowed to do what it looks like restaurant.com did. Do you disagree that what restaurant.com did is outside of what the statute says you're not permitted to do? Your Honor, I have to agree that the statute is very difficult to overcome if, in fact, it would apply. Okay. Good. If it applies. So it is of the utmost importance for us to know whether it does apply, right? I agree with that. Okay. Good. Okay. To circle back to the question of certification, which was the last issue that was presented, this is simply not a question of general importance that typically would be where certification would be granted. And it's our view that if, in fact, the court were to certify the question, the New Jersey Supreme Court would not grant certification. Really? The standard is a difficult one under New Jersey law for the Supreme Court to grant certification. And the key consideration is whether that's an issue of public importance. This is not an issue that is likely to recur. I think you heard from the Plaintiffs' Council quite clearly that this is a case where we have plaintiffs who have not suffered any injury. In fact, what we learned today, which is not in the record, is that Ms. Shelton, who purchased 10 gift certificates, already used them. She already received the benefit of her bargain by going. I don't think anybody is disagreeing with the idea, and I don't hear them disagreeing that they could use what they got. Their assertions are that New Jersey statutory law gives us certain rights. And we were deprived of those rights by the actions of restaurant.com. Not that they didn't get some benefit from what your client sold them, but that they were deprived of certain rights. That's what I take their argument to be. And your argument seems to be that that's not true because it only applies to tangible property. And in footnote 11 of your answering brief, you make reference to the Magnuson-Moss Warranty Act, and you encourage us to draw a conclusion from the fact that TICWNA was evidently being developed at the same time Magnuson-Moss was coming around, to say that, look, it was understood to sort of have the same kind of limitations. That's how I understood footnote 11. Am I right about that? That's correct, Your Honor. So my question to you then is, if Magnuson-Moss has right in it tangible personal property, and New Jersey legislators were looking at it at that time and could have put tangible right in the statute, but does that cut against you? I don't think it does, Your Honor, because I think what the court, what the legislature did there, was simply eliminate the idea that warranties would be covered under the TCCWNA so that there would not be a conflict with the language of the Magnuson-Moss Act. But to address your question directly, Your Honor, in the plaintiff's reply brief, they refer to the RISA statute, which is the Retail Installment Sales Act. This is now on page 8 of their reply brief. And they suggest to the court that because in the RISA statute, under the definition of goods, that the legislature refers to the phrase including merchandise certificates and coupons to be exchanged for goods or services. If the legislature intended for the TCCWNA to include that specific language, which the plaintiff suggests would have covered the situation here, the gift certificates here, the legislature would have included it in the TCCWNA. This is directly to Your Honor's point, Judge Jordan, in that the fact that the legislature did not include that in the TCCWNA reflects the fact that they believed this type of certificate, this type of intangible item, is not covered. In fact, if you look at the legislative history of the TCCWNA, which is very, very sparse, it refers to merchandise and equipment, things that are tangible in nature, just like all of the other cases that have talked about it. Mr. McDonald, I want to take you back to something that you said, and you may very well be right about this, that the New Jersey Supreme Court, if indeed we determine that it should be certified, might not take this case. But you said that they probably wouldn't take it because it really isn't an important case, and it doesn't present important issues. And what I'm concerned about is that the statutory remedy, if multiplied by the number of people that the plaintiff says it should be multiplied by, we might be dealing with a $5 million or $10 million statutory remedy. Now, I realize, of course, that the mere fact that it's in the millions doesn't make it important. But I suspect that if we determine to certify this matter, and before you would leave and before your opponent would leave, I would ask that you submit those questions that we should seek certification on, so that we would have a basis for. But I can't believe that something that could multiply to the extent that this could, in terms of dollars, is really all that minor and unimportant, do you? And if you do, why are you fighting it so hard? Because if you only had to pay $500, it seems to me that you would have paid the $500, and you wouldn't be here today. But you're talking about 500 times thousands and thousands of people. Your Honor, let me make sure I clarify this, okay? I did not mean to suggest this was not an important case. It certainly is an important case. I wouldn't expect that Your Honors would be wasting your time with a case that's not important. What I said was this is not a matter of general public importance in the sense that what types of cases the New Jersey Supreme Court would be interested in. This case was not important enough for the plaintiffs to determine whether or not they could even use their gift certificates. Well, let's not talk about how important it might be or not be to the plaintiffs. Let's keep focused on the New Jersey Supreme Court. Would you agree or disagree with the notion that if this case went against your client and it opened up purveyors of gift certificates to enormous statutory liability of the sort that might make Mr. Wolf and his firm open their doors to a lot of people coming in and going after these certificate purveyors, that that would have a dramatic impact on not just Restaurant.com but anybody who's in the business of marketing something intangible? Your Honor, I definitely agree that there's an important issue there in the sense that the way in which the plaintiffs are using this statute in an offensive way, using the statute as a shield and a weapon. And as a weapon. I mean, the whole opening of your brief is all about that it's a weapon. You start your brief on the statement of what's at issue here by saying, here are people who, and I'm paraphrasing, basically who never used this and had a problem with it, et cetera. Sorry, I could go back and read it. But your whole point is, what are these people complaining about? Nothing except their statutory damages that they claim to have under the statute. And I take the implication of that to be, gee, Third Circuit, if you fine for the plaintiffs, you shut down people like my client. You'll shut down all the gift certificate and intangible right folks that there are. If that's really the import of your argument, don't you think the New Jersey Supreme Court might think shutting down whole industries in the state of New Jersey is something of public importance? If given that choice, Your Honor, yes. I believe that would be an important issue. However, what I'm simply suggesting to the court is, we believe the law is relatively clear and that there was no error below by the trial court in determining that what was being purveyed here by restaurant.com was simply a right to a future discount from a third party that was not conveying property in the normal sense. And there really is no need to import a meaning from either the RESA statute, which goes directly against the plaintiffs, or the default definition of property, which includes real property, and in a sense is therefore directly conflicting with the statute. So the hardship we've got though, Mr. McDonald, is you seem to be saying to us, this isn't really a matter of public importance if I win, but if I lose, my client loses, then it's a matter of real big public importance. And I guess we can't look at it quite that way. We've got to look at it as, is it a matter of public importance or isn't it? Right? I understand the dilemma the court has. Okay. All right. Well, thanks very much. Mr. McDonald, does any of my colleagues have anything else? Okay. Thank you, sir. Thank you very much, Your Honor. All right. Mr. Wolf, your rebuttal. Mr. Wolf, did you have an opportunity to amend your complaint prior to the court's ruling? No, Your Honor, we did not. It was dismissed with prejudice on the first pleading. Okay. And there was no finding of futility in amending, correct, by the district court? I don't believe he said anything like that in his decision, Your Honor. All right. Thank you. All right. On rebuttal, I just want to really make one point, and I want to refer to the definition of property and consumer in TQNA. Consumer is really the driving force, and the modification of any money, property, or service by personal, family, and household use is really the key part of the definition of consumer. They want to exclude business transactions, commercial transactions between businesses. And clearly, Ms. Shelton, Mr. Bohaus, and all the putative class members were consumers in the normal sense, that they were buying this to go to a restaurant to consume a meal with their family and friends or whatever. And that's what the focus is, and that's why, if you look at the first part of it, any money, property, or service was an all-encompassing, broad scope. And I think the way we have to look at the definition of property is the recent case of Smith that we presented to you on, you know, that was decided after we briefed this case, actually shows two important issues as how the appellate division in New Jersey has viewed broadly the TQNA statute. One, when there was phrases and terms at issue in that case, where it was an automobile auto dealer selling a warranty that was somebody else's, but the auto dealer. When there were terms that were not defined within TQNA, they went to the general provisions of New Jersey Statutes Annotated Section 1, and they went there to look to see how do we define these terms. And they said, well, these terms we find say that they're not defined here, and we have to look to their general meaning. In our case, we'll say, well, property isn't defined, so we've got to go back to NJSA 1 colon 1 and see if it is defined. Doesn't that case so, well, let me ask this. That seems to put TQNA in its more ordinary circumstance, right? Somebody going to a car dealership, warranties being made or not made. Here you've got us looking at a circumstance where, according to your own argument earlier, the very day somebody buys this, whether they understood completely what was going on or not, they've got an immediate opportunity to sue. And you put a whole bunch of those people together with statutory damages, and you can sue the heck out of these folks. So isn't the upshot of your interpretation of this law that purveyors of gift certificates either have a 30-page disclaimer with New Jersey law attached or they don't do business in New Jersey? Well, I wouldn't quite put it that way, Your Honor. I know, I'm sorry. But I think in enacting TQNA, the legislator made it clear that they didn't want these type of contracts and offers made. And let's look at, we cited United Consumer Financial Services, which also cites to the Boslin case.  So I've been arguing TQNA for a long time at the appellate divisions there. So let's look at Boslin. Boslin, the court said, this was an incidental charge. It wasn't the purchase of a car that was issued under TQNA. It was hiding a undisclosed documentary service fee, which isn't a product in an ordinary sense. The dealer charged them when they got their title and registration, they charged them an extra $20 that they didn't disclose. And there's a regulation that says, technical regulation that says, if you're going to charge a documentary service fee to consumers in New Jersey when you sell them a car, you have to disclose it and itemize it on the face of the contract. And in that case, the court said, well, that's a clear violation. And the mere offering of a contract that had a violation on its face was a violation. That was cited with authority in United Consumer Financial Services where the issue where TQNA was violated in there was the contract, which said, if we get a return check fee, if your check is returned for any reason, then we can charge you $20. All these things are attached, though, and associated with a piece of personal property, real, like, well, tangible, to use a word. I mean, I understand your point. I think we've understood your point, which is there are contractual rights that may be associated with tangible goods. But your opponent, you recognize that your opponent looks at those same cases and says, they're all about goods, and this is about something different than goods. I mean, that's the issue we're being presented with, isn't it? It is. But I think Your Honor actually correctly addressed it, that other than these cases, which Jefferson, which all these cases were, that no cases directly hit that point. But I think my point is that property is defined, and it would include a gift certificate under the definition of property that the New Jersey statutes tell you you have to use. We got you. All right. Thank you, Your Honor. I appreciate it. Thanks so much, Mr. Wolff. And thank you, Mr. McDonald. I appreciate the counsel's help with the case. Now, let me just suggest this. I think Judge Garth was getting at this, and I would like to ask you to do it. Whether or not we choose to certify is something that clearly we're going to be spending some time talking about. But you could assist us in the following way. If you would each sometime, and I hope it's not pushing you too hard to say within a week, send to us, if we were to certify questions under this case, your formulation of what that question or questions would be. Okay? Recognizing that you reserve all your rights, Mr. McDonald, and you, Mr. Wolff, if you change your mind to say we don't think you should, but if you do, this is what it would look like. And that gives us something to work with. Okay? Yeah. Oh, good point. It would be helpful if you, in the first instance, tried to work out a joint submission. And if you can't do that, at least tell us, you know, we worked on it, and this is what we could agree on, and this is what we couldn't. Because maybe you'll get 80%, you know, the same, and you'll diverge. But do your best to give us a joint submission if possible. I thank Judge Greenway. That's a great suggestion. Yes, Mr. McDonald? Sorry. Is the issue you'd like us to address the question of certification on the issue of the TCCWNA? Well, we're putting it to you. You tell us if we were to certify under this what you think would be, should be certified. Very good. All right? Okay. Thank you very much. All right. Thank you, counsel. We'll recess court.